HENRY SLOTHOWER v. McFARLAND GRAIN COMPANY, Appellant.

Action for False Representation: RELIANCE. Plaintiff was guarantor for defendant's agent, and paid defendant a sum in settlement of an alleged shortage of the agent, but afterwards sued to recover the amount so paid, on the ground that the payment was induced by defendant's false and fraudulent representations as to the nature of the agent's shortage.

Held, that a refusal to instruct that, if plaintiff at the time of the settlement had knowledge that defendant's representations were false, he could not recover, was proper, since such instruction assumed that plaintiff could not recover if he had been told by the agent prior to the settlement that defendant's claim was unfounded, while plaintiff was in fact entitled to recover if he believed defendant's misstatements at the time of settlement, though he had been told that they were untrue.

Guaranty for Agent: SCOPE OF. Plaintiff was guarantor to defendant for its agent, and paid an alleged shortage in defendant's bank account, as carried by the agent. Defendant was a guarantor to the bank of the agent's personal account, while plaintiff's liability extended only to the agent's direct relations with defendant. The agent carried a bank account which represented all the money paid in and checked out on defendant's account. Held, that a shortage in this account, occasioned by the agent's using a part of it to pay for a purchase of grain for defendant falsely reported as paid for, was a shortage in the agent's account with defendant, and not in his personal account with the bank, for which plaintiff was liable to defendant, instead of defendant's being liable to the bank.

*Appeal from Guthrie District Court.*—HON. J. D. GAMBLE, Judge.

SATURDAY, MAY 24, 1902.

ACTION to recover back money paid. by palintiff, as guarantor for one H. L. Beam, on a settlement of account with defendant. The allegation was made that such settlement was procured by false and fraudulent representations. Verdict for plaintiff. From judgment thereon, defendant appeals.—*Reversed.*

*Woodin, Nichols & Ayres* for appellant.

*Shortley & Harpel* and *E. R. Sayles* for appellee.

McCLAIN, J.—Defendant's original claim against its agent, Beam, was adjusted as against the plaintiff, his guarantor, by the execution of a note for over $2,800, which was subsequently transferred by defendant to a third party, and has been paid, and was based, in general, on the representation by defendant to plaintiff that Beam had appropriated some $850 of defendant's money in bank, and had failed to account for a considerable quantity of oats received for plaintiff. The total claim first asserted against plaintiff was nearly $5,000, but it is contended for plaintiff that in the settlement nothing was taken into account but the shortage of money in the bank, and the failure to account for two certain lots of oats, of specified quantities. Plaintiff attempted to show that it was Beam's own personal bank account, and not the account of defendant's money, which was short, and that defendant's liability for the deficiency was as guarantor to the bank of Beam's personal account, for which, therefore, plaintiff, as Beam's guarantor to defendant, was not liable. As to the misappropriation of oats, plaintiff attempted to show that there had been no failure to account for the particular lot of oats referred to, but that, on the other hand, there was only a general shortage, and that pliantiff, in the settlement, had insisted that he would not pay for shortage, and was induced to allow for

deficiency of oats only by false representation that Beam had misappropriated the specific lots of oats above referred to.

Error is assigned on the refusal of the court to instruct the jury that if plaintiff, at the time of making the settlement, had knowlegde that the representations of defendant on which the settlement was based were false, he could not recover; but in this ruling there was no error, for the instruction assumed that if, prior to the settlement, plaintiff had been told by Beam that defendant's claim was not well founded, then plaintiff could not recover. This cannot be sustained as a correct proposition. Plaintiff may have been told that the defendant's claim was not true, but if he believed it to be true, and was led to so believe by the fraudulent representations- of defendant, then his right to recover would be established.

In one instruction given by the court the jurors were told that if Beam, although reporting the grain as paid for, which had not been paid for, afterwards made payment out of his own bank account, then, although defendant was a guarantor of the bank account, and thereby lost the amount of such payments, nevertheless plaintiff was not liable therefor. This instruction ignores a very material element in the case. There is no question but that the bank account was carried first in the name of Beam individually, afterwards in the name of Beam, "Special"; but from Beam's own testimony it appears that this account represented the entire money paid into the bank by Beam for the defendant, and money checked out by him on defendant's account. In other words, according to Beam's description of the whole course of business, this bank account was, in effect, the defendant's account. If that was so, then shortage in the bank account would indicate a money shortage of Beam, for which the plaintiff would be liable; and it would be immaterial that, as between defendant and the bank, the

defendant was the guarantor of Beam's account. The instruction was erroneous and prejudicial.

In view of the reversal which must follow for error in the instruction just referred to, it would not be proper to discuss the question—so fully argued on each side—whether there was any evidence to support the conclusion of the jury that the deficiency of oats was due to specific misappropriation, and not to a general shortage; that the settlement was on the basis of such specific misappropriation; and that the representations of defendant with reference thereto were false and fraudulent.—REVERSED.